WHERE an action in favor of A v. B. for infringement of a patent right is pending in the Circuit Court, and B. and C. being equally interested in the *question*, it is agreed between them, that in case judgment be rendered against B. and that he would prosecute the suit to the Supreme Court of the United States, and defend the same therein ; or in case judgment should be rendered against A. and he should carry the suit to the Supreme Court, for a final decision ; and the said B should defend the same in said Supreme Court ; that in such case C. would pay to B, an equal share of all expences arising in defence of said suit. Held, that the prosecution of said suit to the Supreme Court, and litigation thereof in said Court, was a condition *precedent* to any claim on C. for contribution to the expence, and that C. could not be compelled to pay any part of the expence of de- fending said suit in the Circuit Court, although it appeared to the Court that the decis- ion of that Court was final, and that the cause could not be carried to the Supreme Court

JOHN PENFIELD, *against* LAVIUS FILLMORE. *Rutland*, 1820.

*Declaration.* In a plea of the case, for this, to wit, That whereas, at the time of making the agreement and promises herein after mentioned, one Oliver Evans, of Philadelphia, in the State of Pennsylvania, had commenced a suit at the Circuit Court (of the United States) against the plaintiff for using an elevating strap to raise meal when ground, from the mill stones into the bolt, for which the said Oliver claims an exclusive right, by virtue of an act of Congress, passed for his relief. And the defendant and several other persons, to wit, Moses Leonard, John Warren and Charles Rich, as mill owners and users of said elevators, in their mills, were interested, that the legality of the claims of said Oliver Evans, in that respect, should be ascertained and decided, they and the plaintiff supposing, that there was no exclusive right in said Oliver Evans or any other person to use the said elevating straps for the purposes afore- said ; and thereupon, afterwards, to wit, at Middlebury afore- said, on the 17th day of August, 1811, and when the said suit was depending, it was agreed by and between the defendant and the said Moses Leonard, John Warren and Charles Rich, in consideration of the premises, that, in case Judgment should be

rendered against the plaintiff, and that he the plaintiff would prosecute to, and defend the same in the Supreme Court of the United States, or in case Judgment should be rendered against the said Oliver, and he should carry the same to the Supreme Court of the U. States for a final decision, and that he, the plaintiff should defend the same in said Supreme Court of the United States, that in that case, he, the said defendant, and the said Moses Leonard, John Warren and Charles Rich, each of them, should and would individually, pay or cause to be paid, to the plaintiff, an equal share of all the expences arising in the defence of said suit, in proportion to the number of elevating straps by each of them then used, in their respective mills. And the plaintiff avers that the defendant then used, to wit, on the day and year last aforesaid, four elevating straps. And the said agreement being so made as aforesaid, he, the defendant, afterwards, to wit, on the day and year last aforesaid, in consideration that the plaintiff, at the special instance and request of the defendant, had undertaken and faithfully promised the defendant, that he, the plaintiff would perform and fulfil said agreement, on his part, undertook, and then and there faithfully promised the plaintiff, that he, the defendant, would perform the said agreement on his part : And the said plaintiff in fact saith, that relying on said agreement, promise and undertaking of defendant, he did after the making thereof, go on with the defence of said suit, and did duly, regularly, and to the best of his knowledge and ability, defend the said suit, until the term of the Circuit Court, in October, 1812, at which term the same was finally ended and determined, in favor of the said Oliver Evans, who, at the same term, recovered Judgment against the plaintiff, in said action, for the sum of $79,30, damages and costs, which the plaintiff has been compelled to pay, and has actually paid : And the plaintiff avers, that the said Judgment was a final Judgment, and could not be re-examined, varied or affirmed in the Supreme Court of the United States, so that plaintiff could not carry the same to the said Supreme Court, for a final decision, and there defend the same. And the plaintiff in fact saith, that in consequence of his

defending said suit, he has been obliged to pay, and has paid $200 over and above the sum so recovered against him, as aforesaid, and the share and proportion of defendant, of the said money, so charged and paid by plaintiff as aforesaid, in proportion to the four straps so by him used as aforesaid, in his said mill, amounts to a large sum of money, to wit, eighty dollars, of which defendant on, &c. had notice, and thereby became liable to pay, &c.

Demurrer and Joinder.

D. Chipman, for defendant. It was contended, That the prosecution of the suit, Evans against the plaintiff, and defence of the same in the Supreme Court of the United States, was a condition *precedent*, and the right of action could not exist until the performance of that condition. 1 Chitty 311. 6 Tem. Rep. 710, 719.

*Contra*, Williams. That the plaintiff is entitled to recover, because it appears he has done all which he was bound to do, by virtue of the agreement declared on. The Judgment rendered by the Circuit Court, could not be carried to the Supreme Court of the United States. Grayden's Digest, 215.

It will be found, that the act of Congress referred to, in the agreement, authorized the Secretary of State, to issue a patent to Oliver Evans, for certain inventions claimed by him. The action against the plaintiff was brought, for infringing that patent: It was the trial of that action in the *Circuit Court* which was equally interesting to the plaintiff and defendant, and the other signers of the agreement, and the Judgment to be rendered in *that Court* which alone could be beneficial to the persons making the agreement: For, it will be observed, on referring to the laws of the United States, 1 Graydon, 333, sec. 6, that, if upon the trial of an action, brought by the patentee, for the infringement of his patent, in the Circuit Court, Judgment shall be rendered for the defendant, in the case therein specified, the Court shall declare the patent void. It was the trial and judgment in the *Circuit Court* which the persons making the agreement contemplated, and which alone was beneficial to them ; and the cause was to be carried to the *Supreme Court*, only, in case some question of law should arise, which might render it necessary that a decision

should be had, by that tribunal, but the beneficial trial and judgment must in the end, be had and rendered in the Circuit Court. The cause of Evans against the plaintiff, having been defended so far as was practicable, and the law not permitting the plaintiff to carry it any farther, although the decision in the end, proved unfortunate for both plaintiff and defendant, it is apprehended, the defendant ought to contribute his share of the expences, when he would have reaped the full benefit, had the suit terminated otherwise, by the patent being declared void.

Opinion of the Court. The Court consider the litigation of the suit, in favor of Evans against the present plaintiff, in the *Supreme Court* of the United States, as stated in the agreement declared upon, to be a condition *precedent.* The court are to compel the performance of contracts, according to the agreement of the parties. In this case, the defendant's promise was founded on the consideration of contemplated litigation of the suit, in the *Supreme Court*, this consideration, as agreed upon by the parties, was the motive to the promise, and to compel the defendant to fulfil a contract upon a different consideration, would bind him to a contract, to which he never assented : No agreement was made or required to contribute money on account of the expences in the Circuit Court.

*Judgment,* that declaration is insufficient.

*Williams* for plaintiff, *Chipman* for defendant.

---

CONSIDERATION—See Condition Precedent—Assumpsit 3, 5—Deed, Ex. and Ad. 7.